Joseph Emrich, Respondent, *v.* Max Goldstein and Albert Hohenstein, Appellants.

*Complaint for an accounting for the profits of a joint adventure in the purchase and sale of land — when it does not state a cause of action.*

The complaint in an action brought against Max Goldstein and Albert Hohenstein alleged that in April, 1902, the plaintiff and the defendant Goldstein entered into an agreement to buy and sell real estate in the city of New York and to divide the profits derived therefrom; that in pursuance of this agreement the plaintiff induced the Dry Dock Savings Bank to sell certain real estate to one Samuels, who "acted as a dummy for the plaintiff and the defendant Goldstein," for the consideration of $15,500, which was paid by Samuels placing a mortgage upon the property for $15,000 and Goldstein advancing the balance, under an agreement that the same should be returned to him out of the profits thereafter made, before a division thereof; that thereafter the plaintiff entered into a contract to sell the property to one Schimeck for $900 cash, a mortgage for $1,100 on other real estate, and the title to No. 223 East Ninety-seventh street; that the contract was subsequently performed by Samuels giving a deed; that thereafter, without the authority of the plaintiff, 223 East Ninety-seventh street was conveyed to Hohenstein, who acted for the defend-

ant Goldstein and he then transferred the same to one Seiden in exchange for 335½ Rivington street; that plaintiff had asked for an accounting, which had been refused. Judgment was demanded that the partnership be dissolved; a receiver appointed of the partnership property, and that the same be sold and the proceeds thereof, after the payment of debts, divided between the parties according to their respective rights.

*Held,* that the complaint did not state facts sufficient to constitute a cause of action;

That, as to the defendant Goldstein, it was fatally defective because it was not alleged that he had title to or possession of any property in which the plaintiff had an interest — assuming that a partnership existed between them — or that he had realized profits over and above the $500 advanced by him, which, under the agreement, could or should be divided;

That the title to the property having been taken in the name of Samuels it would be presumed, in the absence of allegations to the contrary, that the consideration paid passed to and was received by Samuels;

That if the allegations of the complaint to the effect that the transaction, including the payment of the cash, the receipt of the mortgage, and the title to 223 East Ninety-seventh street, was "all under the control of the plaintiff and defendant Goldstein," were true, it was difficult to discover upon what theory plaintiff could call upon his copartner to account for such transaction or how a judgment directing an accounting would give him any further relief than he already had;

That, treating the defendant Hohenstein as the agent of the defendant Goldstein, the complaint was fatally defective as to Hohenstein, for the reason that as there was no allegation that he did not pay a valuable consideration for the East Ninety-seventh street premises, it would be assumed, the title being under the control of the plaintiff and Goldstein, that Samuels received a valid consideration for the conveyance, and hence that Hohenstein acquired good title thereto.

APPEAL by the defendants, Max Goldstein and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of March, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, appointing a receiver and directing an accounting.

*Moses Feltenstein,* for the appellants.

*George B. Hayes,* for the respondent.

McLAUGHLIN, J.:

This action was brought for an accounting of partnership affairs. The complaint alleged, in substance, that in April, 1902, the plain-

tiff and the defendant Goldstein entered into an agreement to buy and sell real estate in the city of New York and to divide the profits derived therefrom; that in pursuance of this agreement the plaintiff induced the Dry Dock Savings Bank to sell certain real estate to one Samuels, who " acted as a dummy for the plaintiff and the defendant Goldstein," for the consideration of $15,500, which was paid by Samuels placing a mortgage upon the property for $15,000 and Goldstein advancing the balance, under an agreement that the same should be returned to him out of the profits thereafter made, before a division thereof; that thereafter the plaintiff entered into a contract to sell the property to one Schimeck for $900 cash, a mortgage for $1,100 on other real estate, and the title to No. 223 East Ninety-seventh street; that the contract was subsequently performed by Samuels giving a deed; that thereafter, without the authority of the plaintiff, 223 East Ninety-seventh street was conveyed to Hohenstein, who acted for the defendant Goldstein, and he then transferred the same to one Seiden in exchange for 335½ Rivington street; that plaintiff had asked for an accounting, which had been refused, and judgment was demanded that the partnership be dissolved; a receiver appointed of the partnership property, and that the same be sold and the proceeds thereof, after the payment of debts, divided between the parties according to their respective rights.

Separate answers were interposed by Goldstein and Hohenstein, in which the former denied the material allegations of the complaint, and the latter such allegations, except that he admitted that 223 East Ninety-seventh street was conveyed to him and that he subsequently conveyed the same to Seiden in exchange for 335½ Rivington street.

At the opening of the trial a motion was made by defendants' counsel to dismiss the complaint against the defendant Hohenstein, upon the ground that it failed to state facts sufficient to constitute a cause of action against him. This motion was denied and an exception taken, and then a similar motion made as to both defendants, which was also denied and a similar exception taken.

I am of the opinion that both motions should have been granted. The complaint fails to state facts sufficient to constitute a cause of action against either defendant. As to the defendant Goldstein

there are no allegations contained in the complaint to the effect that he had title to, or possession of, any property in which the plaintiff has an interest — assuming that a partnership existed between them as alleged — or that he has realized profits over and above the $500 advanced in the purchase of the Dry Dock Savings Bank property which, under the agreement, could, and in equity ought, to be divided. The title to this property was taken in the name of Samuels and, in the absence of allegations to the contrary, the presumption is that the consideration paid passed to and was received by the holder of the record title. There is an allegation, however, to the effect that the transaction, including the payment of the cash, the receipt of the mortgage, and the title to 223 East Ninety-seventh street, was " all under the control of the plaintiff and defendant Goldstein." If this allegation be true, it is difficult to see upon what theory plaintiff could call upon his copartner to account for this transaction, or how a judgment directing an accounting would give him any further or greater relief than he already has.

As to the defendant Hohenstein — even though he acted as the agent of the defendant Goldstein — there is no allegation that when 223 East Ninety-seventh street was conveyed by Samuels to him he did not pay a valid consideration therefor. In the absence of an allegation to this effect it must be assumed, the title being under the control of the plaintiff and Goldstein, that Samuels received a valid consideration, and if he did, then Hohenstein acquired good title and he could subsequently deal with the premises as he saw fit. The complaint alleges a partnership, but does not allege that it has any property which can or ought to be divided between the respective partners. Under the complaint as it now stands Samuels has whatever profits have been made, and he is not a party to the action. The complaint was not amended at the trial, and if it had been, to conform to the proof, it would not have aided the plaintiff, because his proof is even more defective than the complaint. Referring to the transfer to Schimeck, the plaintiff himself testified that of the $900 cash he received $250 and a check payable to his order for $250, which he gave to the defendant Goldstein. Under the allegations of the complaint Goldstein was entitled to deduct $500, the amount advanced by him when the title to the property sold was acquired, and after such deduction it would seem that there would

only be $400 to divide, and if plaintiff's testimony be true, he has received $50 more than he was then entitled to. It is true he testified he did not get any part of the $1,100 mortgage, but it was nowhere made to appear that this mortgage was ever held by the defendant Goldstein, or that any part of it had been paid to him, nor was any proof whatever given by the plaintiff as to what the consideration was, if any, which passed between Hohenstein and Samuels when the latter transferred the title to 223 East Ninety-seventh street. Plaintiff testified that he spoke to Goldstein about this transfer and that Goldstein then said : " What have you got to do with it ? " Goldstein testified that Hohenstein paid to Samuels $1,500 in cash over and above a mortgage for $13,000 on the premises. If such sum were in fact paid, then the plaintiff, in order to attack the transfer, would have to prove that the value of the premises sold exceeded the amount which Hohenstein paid. At the conclusion of the trial, therefore, plaintiff was not entitled, upon the whole proof, to any relief and the complaint should have been dismissed.

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., INGRAHAM and HATCH, JJ., concurred; LAUGHLIN, J., concurred on first ground.

Judgment reversed, new trial ordered, costs to appellants to abide event.